Brian G. LEWIS, Plaintiff,

v.

AWARD DODGE, INC., Chrysler Credit Corporation, and Chrysler Corporation, Defendants.

Civ. No. N-83-456 (WWE).

United States District Court, D. Connecticut.

May 30, 1985.

William Clendenen, New Haven, Conn., for plaintiff.

David Reif, J. Michael Sulzbach, Winer & Sulzbach, New Haven, Conn., for Chrysler Credit Corp.

James N. Olayos, Thomas C. Thornberry, Bridgeport, Conn., for Award Dodge Inc.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

EGINTON, District Judge.

This action arises in connection with the interpretation of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. (1976) (amended 1980), Federal Reserve Board Regulation Z, 12 C.F.R. Part 226 (1981) and the Connecticut Truth-in-Lending Act, Conn.Gen.Stat. § 36–393 et seq. (1969) (amended 1983).

In his motion for partial summary judgment against CHRYSLER CREDIT CORPORATION, plaintiff alleges violation of the truth in lending laws in connection with an installment sales contract signed by plaintiff with defendant AWARD DODGE, INC. on November 30, 1982. This contract was subsequently assigned to defendant CHRYSLER CREDIT CORPORATION. The contract involved the purchase by plaintiff of a 1982 Dodge Colt which was registered in the State of Connecticut. CHRYSLER CREDIT CORPORATION was listed on the certificate of title as a lien holder. Plaintiff was charged one dollar ($1.00) to list CHRYSLER CREDIT CORPORATION as a lien holder on the certificate of title. Defendant CHRYSLER CREDIT CORPORATION filed a cross motion for summary judgment asserting that it is entitled to judgment as a matter of law.

The issue before the Court is whether CHRYSLER CREDIT CORPORATION complied with the truth in lending provisions by disclosing the one dollar lien under the section entitled "Itemization of the Amount Financed" on the retail installment contract. Plaintiff maintains that the one dollar lien fee should also have been disclosed in the space marked "Filing Fees $_____." Review of the applicable authorities establishes that both disclosures were necessary to comply with the truth in lending laws.

Revised Regulation Z, 12 C.F.R. Part 226 (1981), promulgated by the Federal Reserve Board, governs this issue as the Connecticut Truth-In-Lending Act specifically requires compliance with these federal standards pursuant to Conn.Gen.Stat. Section 36–393b.

The content of truth in lending disclosures is governed by Revised Regulation Z, Section 226.18 (1981) which requires the creditor to disclose certain information. One required disclosure is an itemization of the amount financed. Section 226.18(c)(1) requires "[a] separate written itemization of the amount financed, including: ... (iii) [a]ny amounts paid to other persons by the

creditor on the consumer's behalf. The creditor shall identify those persons." Defendant CHRYSLER CREDIT CORPORATION satisfied this requirement by disclosing the one dollar filing fee under the section of the retail installment contract entitled "Itemization of the Amount Financed" on line 4(b)(ii).

Plaintiff alleges that defendant was also required to disclose this information separately pursuant to Section 226.18(*o* ) as a security interest charge. This section requires disclosing "[t]he disclosures required by § 226.4(e) in order to exclude from the finance charge certain fees prescribed by law...."

Section 226.4(e) of Regulation Z provides that: "[i]f itemized and disclosed, the following charges may be excluded from the finance charge: (1) [t]axes and fees prescribed by law that actually are ... paid to public officials for ... perfecting a security interest." According to the Official Staff Interpretations, examples of charges excludable from the finance charge under section 226.4(e)(1) include: "[c]harges for filing or recording security agreements...." 12 C.F.R. Part 226, Supp. 1 at 684 (1985). It is also noted that "[t]he various charges described in § 226.4(e)(1) may be totaled and disclosed as an aggregate sum, or they may be itemized by the specific fees and taxes imposed. If an aggregate sum is disclosed, a general term such as security interest fees or 'filing fees' may be used." 12 C.F.R. Part 226, Supp. 1 at 684 (1985).

■ Plaintiff paid a one dollar fee to list CHRYSLER CREDIT CORPORATION's security interest upon the certificate of title in conformity with Conn.Gen.Stat. Section 14–192(a)(2). This listing was necessary to perfect CHRYSLER CREDIT CORPORATION's security interest pursuant to Conn.Gen.Stat. Section 14–185(a). Thus, Revised Regulation Z, 12 C.F.R. Section 226.4(e)(1) is applicable here via Section 226.18(*o* ) making a "filing fees" disclosure necessary.

The Official Staff Interpretations of Section 226.18(*o* ) address the format of this disclosure:

No special format is required for these disclosures; under § 226.4(e), taxes and fees paid to government officials with respect to a security interest may be aggregated, or may be broken down by individual charge. For example, the disclosure could be labeled 'filing fees and taxes' and all funds disbursed for such purposes may be aggregated in a single disclosure. This disclosure may appear, at the creditor's option, apart from the other required disclosures.

12 C.F.R. Part 226, Supp. 1 at 731 (1985).

■ Defendant CHRYSLER CREDIT CORPORATION alleges that disclosure of the one dollar fee under the section entitled "Itemization of the Amount Financed" satisfies both Section 226.18(c)(1) and Section 226.18(*o* ) disclosure requirements. Defendant relies on Section 226.17 which states the general disclosure requirements:

(a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosure shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related (footnote omitted) to the disclosures required under § 226.18.[38]//

[38] The following disclosures may be made together or separately from other required disclosures: ... certain security interest charges under § 226.18(*o* ).

12 C.F.R. § 226.17(a)(1) (1981).

Defendant contends that it has set forth the fee separately in the computation of the "Amount Financed." Memorandum of Defendant CHRYSLER CREDIT CORPORATION In Opposition to Plaintiff's Motion for Summary Judgment at 2. This argument fails since Regulation Z, Section 226.17(a)(1), further states that "[t]he itemization of the amount financed under § 226.18(c)(1) must be separate from the other disclosures under that section." Since the fee also had to be disclosed sepa-

rately from the "Amount Financed" disclosure pursuant to Section 226.18(*o* ), defendant cannot argue that this one disclosure satisfies both requirements.

 This rationale similarly defeats defendant's contention that "the inclusion of the 'Filing Fee' space in the 'federal block' is mere surplusage, as the same information is properly integrated elsewhere." Memorandum in Opposition at 3. Revised Regulation Z requires two disclosures regarding the filing fee pursuant to sections 226.17(a)(1), 226.18(c)(1) and 226.18(*o* ). Therefore, these disclosures may not be integrated. Defendant's reliance on *Gambardella v. G. Fox & Co.*, 716 F.2d 104 (2d Cir.1983) is misplaced since the court held that the imperfections in format at issue there did not constitute a violation of the law. *Id.* at 118. Here we are dealing with a failure to make a required disclosure which violates Section 226.18(*o* ) of Revised Regulation Z.

Defendant also maintains that *Gambardella, supra,* established that "a deviation from the strict terms of Regulation Z is not actionable, unless the error is likely to result in confusing the debtor." Memorandum in Opposition at 4. However, since that case dealt with inaccurate disclosures rather than failure to make a required disclosure, its holding is inapplicable to this case.

Defendant also argues that the policy of the truth in lending laws and regulations will not be furthered by finding a violation for failure to properly disclose the one dollar filing fee. However, this Court is bound to enforce the requirements of Regulation Z: "as we so plainly recognized in *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), absent some obvious repugnance to the statute, the Board's regulation implementing this legislation should be accepted by the courts, as should the Board's interpretation of its own regulation." *Anderson Bros. Ford v. Valencia,* 452 U.S. 205, 219, 101 S.Ct. 2266, 2273, 68 L.Ed.2d 783 (1980). It is not obviously repugnant to the statute to require that the filing fee be disclosed separately from its itemization in the "Amount Financed" disclosure. Furthermore, the Board's intent to have such double disclosures is illustrated by its model forms, H–1 (Credit Sale Model Form) and H–3 (Amount Financed Itemization Model Form). 12 C.F.R. Part 226, App. H at 642, 644 (1985).

Finally, defendant charges that liability cannot rest on such a hypertechnical violation. However, this Court strictly construes the subject laws and regulations. *Luczak v. General Motors Acceptance Corp.,* 494 F.Supp. 210, 215 (W.D.N.Y. 1980); *Grey v. European Health Spas, Inc.,* 428 F.Supp. 841, 847 (D.Conn.1977). Based on the finding of a violation, summary judgment for the plaintiff is appropriate. Accordingly, plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED.

So ordered.